UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

B.S.W.,

                    Plaintiff,

        v.

JOHN DOE et al.,

                    Defendants.

CASE NO. 3:26-cv-05284-DGE

ORDER ON MOTION TO FILE SUPPLEMENTAL DECLARATION UNDER SEAL (DKT. NO. 3) AND MOTION TO PROCEED PSEUDONYMOUSLY (DKT. NO. 4)

This matter comes before the Court on Plaintiff's motion to file under seal pursuant to Local Civil Rule 7(g) and motion to proceed pseudonymously pursuant to Federal Rule of Civil Procedure 10(a).  (Dkt. Nos. 3, 4.)  For the following reasons, the Court DENIES the motions.

**I      BACKGROUND**

On March 22, 2026, Plaintiff, proceeding *pro se* and under the pseudonym "B.S.W.," sued Defendants "John Doe" d/b/a LocateFamily.com and ReliableSite.net LLC to "stop the ongoing publication of fabricated personal information bearing his name" on LocateFamily.com. (Dkt. No. 1 at 1.)  Plaintiff alleges LocateFamily.com is "a commercially operated, advertising-

ORDER ON MOTION TO FILE SUPPLEMENTAL DECLARATION UNDER SEAL (DKT. NO. 3) AND MOTION TO PROCEED PSEUDONYMOUSLY (DKT. NO. 4) - 1

supported website that publishes a database of over 1.4 billion personal records" including names, addresses, telephone numbers, and financial information. (*Id.* at 4.) According to Plaintiff, LocateFamily.com published Plaintiff's information and identified him as residing at a "fabricated" address, which Plaintiff contends he has never resided at. (*Id.* at 5–6.) Plaintiff alleges that when he requested the website remove the inaccurate information, his information was republished on a new platform, which was "effectively a retaliation mechanism designed to discourage removal requests." (*Id.* at 7.) Plaintiff brings five causes of action for trademark infringement, identity theft, and violation of the Consumer Protection Act. (*Id.* at 13–17.)

Plaintiff seeks leave to proceed under pseudonym and to seal a declaration which identifies his name.[1] (Dkt. Nos. 3, 4.) Plaintiff argues that because his name is embedded in the "infringing content at issue[,]" public disclosure of the name "would be immediately indexed by search engines and would amplify the very harm Plaintiff seeks to stop." (Dkt. No. 4 at 2.)

## II    DISCUSSION

The Court first addresses Plaintiff's motion to proceed pseudonymously, and then Plaintiff's motion to seal.

### A. Motion to Proceed Pseudonymously

Plaintiff seeks to proceed under the pseudonym "B.S.W." (Dkt. No. 4.) The default rule in civil litigation, embodied in Federal Rule of Civil Procedure 10(a) is that "[t]he title of the complaint must name all the parties." Nonetheless, in the Ninth Circuit, "we allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to

---

[1] In the sealed declaration, Plaintiff provided his United States Patent and Trademark Office Trademark Application Record, which showed his trademark application was "Dismissed or Invalidated" because he failed to timely file a Statement of Use after the Notice of Allowance was issued. (Dkt. No. 8 at 12.)

protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–1068 (9th Cir. 2000) (quoting *United States v. Doe,* 655 F.2d 920, 922 n.1 (9th Cir. 1981)).  The decision to grant or deny permission to proceed anonymously is committed to the district court's discretion.  *See Advanced Textile Corp.,* 214 F.3d at 1068.  In utilizing that discretion, district courts must consider five factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to retaliation; (4) prejudice to the opposing party; and (5) the public interest.  *See id.*  Severity of the threatened harm and reasonableness of Plaintiff's fears are the most important factors and may be analyzed together.  *See Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1043 (9th Cir. 2010) (*Kamehameha*).

Plaintiff alleges he was a previous victim of an "identity impersonation scheme" and Defendants "compound[]" that harm by publishing false information about Plaintiff on their website.  (Dkt. No. 4 at 2.)  He further contends that filing this action under his true name would create "an additional, permanent public record associating Plaintiff's name with this litigation, compounding the search-engine harm that Plaintiff seeks to remedy."  (Dkt. No. 4 at 3.)  The Court is unclear what "search-engine harm" Plaintiff is referring to.  Furthermore, Plaintiff's conclusory statements do not provide an adequate justification for allowing him to proceed under a pseudonym; as Plaintiff fails to describe how he will be harmed if his legal name is publicly disclosed.[2]

The Ninth Circuit has described three types of cases that are appropriate for fictitious pleading: (1) where identification creates the risk of physical retaliation, *Advanced Textile*, 214

---

[2] The Court notes the incongruity of Plaintiff asserting trademark infringement claims against Defendants yet requesting anonymity over the very name that is the subject of the trademark application and a matter of public record.

ORDER ON MOTION TO FILE SUPPLEMENTAL DECLARATION UNDER SEAL (DKT. NO. 3) AND MOTION TO PROCEED PSEUDONYMOUSLY (DKT. NO. 4) - 3

F.3d at 1068; (2) where anonymity is needed to protect highly personal information, such as medical reports or a person's sexual orientation, *id.* (citing *Doe v. United Services Life Ins. Co.,* 123 F.R.D. 437 (S.D.N.Y. 1988)); (3) and where anonymity protects a party from criminal prosecution, *id.* (citing *Doe v. Stegall,* 653 F.2d 180 (5th Cir.1981)).  Plaintiff's alleged harm does not fit within this framework; there are no special or unusual circumstances that justify protection of his identity in a matter alleging infringement of a trademark application.

Therefore, Plaintiff's request to proceed under a pseudonym is DENIED without prejudice.

**B. Motion to File Under Seal**

In conjunction with his motion to proceed pseudonymously, Plaintiff moved to seal his declaration, which includes his legal name.  (Dkt. No. 3.)  "Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents."  *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations omitted).  Although "access to judicial records is not absolute," there is a "strong presumption in favor of access."  *Id*. (internal quotations omitted).  "The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice."  *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotations omitted).  Accordingly, "'[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard.'"  *Id*. (quoting *Kamakana*, 447 F.3d at 1178*)*.  Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture."

ORDER ON MOTION TO FILE SUPPLEMENTAL DECLARATION UNDER SEAL (DKT. NO. 3) AND MOTION TO PROCEED PSEUDONYMOUSLY (DKT. NO. 4) - 4

*Center for Auto Safety*, 809 F.3d at 1096–1097 (quoting *Kamakana*, 447 F.3d at 1179). "What constitutes 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Center for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

The compelling reason standard applies here, because Plaintiff moves to seal his declaration in support of the complaint, which is more than tangentially related to the merits of the case. Given the Court's determination that Plaintiff may not proceed pseudonymously, Plaintiff has not shown compelling reasons to seal his name and identifying information. Accordingly, Plaintiff's motion to seal is DENIED.

## III   CONCLUSION

Accordingly, Plaintiff's motion to proceed pseudonymously (Dkt. No. 4) and motion to seal (Dkt. No. 3) are DENIED. Plaintiff shall file an amended complaint **no later than April 24, 2026** that identifies the parties, including Plaintiff's full name. If an amended complaint that complies with this Order is not filed by such date, the matter will be dismissed without prejudice.

The Clerk is directed to calendar this event.

Dated this 13th day of April, 2026.

David G. Estudillo
United States District Judge

ORDER ON MOTION TO FILE SUPPLEMENTAL DECLARATION UNDER SEAL (DKT. NO. 3) AND MOTION TO PROCEED PSEUDONYMOUSLY (DKT. NO. 4) - 5