UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENT S. WEYHRAUCH.,

               Plaintiff,

    v.

JOHN DOE et al.,

               Defendants.

CASE NO. 3:26-cv-05284-DGE

ORDER ON MOTION TO
AUTHORIZE ALTERNATIVE
SERVICE ON DEFENDANT JOHN
DOE (DKT. NO. 7)

Before the Court is Plaintiff's motion for order authorizing alternative service on Defendant "John Doe." (Dkt. No. 7.) Plaintiff contends that despite "diligent investigation," he has been unable to ascertain the identity or physical address of the individual operating LocateFamily.com. (*Id.* at 2.) According to Plaintiff, Defendant Doe "conceals his identity through multiple layers of anonymity" as he has no corporate registration in any jurisdiction, communicates exclusively through an anonymous email address, and operates under multiple addresses in at least five jurisdictions. (*Id.* at 2–3.) Plaintiff has submitted a "removal request," engaged in multiple email exchanges with info@LocateFamily.com, sent a formal demand letter

ORDER ON MOTION TO AUTHORIZE ALTERNATIVE SERVICE ON DEFENDANT JOHN DOE (DKT. NO. 7) - 1

via email to info@LocateFamily.com and legal@LocateFamily.com, and sent the same demand letter to a New York address, all without luck. (*Id.* at 3.) Plaintiff argues that traditional methods of service are "impracticable under these circumstances." (*Id.* at 2.)

Citing Washington Revised Code § 4.28.185 and Federal Rule of Civil Procedure 4(f)(3): Plaintiff requests to serve Defendant Doe by the following alternative means: email andy@a7q.com,[1] info@LocateFamily.com, and legal@LocateFamily.com; send first-class mail to the New York address; and serve Defendant ReliableSite.Net LLC—as Plaintiff alleges ReliableSite maintains "a direct contractual relationship with Defendant Doe." (*Id.* at 5–6.)

Washington Revised Code § 4.28.185(2), Washington's long-arm statute, specifies the required manner of service of process on defendants located outside of Washington state who are subject to the jurisdiction of Washington courts[2] based on the acts specified in the statute:

> Service of process upon any person who is subject to the jurisdiction of the courts of this state, as provided in this section, may be made by *personally serving* the defendant outside this state, as provided in [Washington Revised Code § 4.28.180], with the same force and effect as though personally served within this state.

*Ralph's Concrete Pumping, Inc. v. Concord Concrete Pumps, Inc.*, 225 P.3d 1035, 1037 (Wash. App. 2010) (emphasis added). Washington Revised Code § 4.28.180 specifies the form and method of service of the summons to be used in effectuating personal service outside of the state. Neither Washington Revised Code §§ 4.28.180 nor 4.28.185 provide bases to permit alternative service.

---

[1] According to Plaintiff, andy@a7q.com is Defendant Doe's personal email address. (Dkt. No. 7 at 5.)

[2] Plaintiff alleges Defendant Doe committed a tortious act within Washington, thereby subjecting himself to the jurisdiction of the Washington courts. *See* Wash. Rev. Code § 4.28.185(1)(b).

ORDER ON MOTION TO AUTHORIZE ALTERNATIVE SERVICE ON DEFENDANT JOHN DOE (DKT. NO. 7) - 2

Plaintiff also points to Federal Rule of Civil Procedure 4(f) as authority allowing service by alternative means. (Dkt. No. 7 at 4.) Rule 4(f) provides that an individual not within any judicial district of the United States may be served:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; [or]
>
> . . . .
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). However, Plaintiff does not allege that Defendant Doe is located "at a place not within any judicial district of the United States." Instead, Plaintiff acknowledges Defendant Doe's known mailing address is in New York. Thus, alternative service under Rule 4(f)(3) is not applicable to the circumstances of this case. *See Yue v. Han*, No. 15-3463, 2015 WL 9258085, at *1 (N.D. Cal. Dec. 18, 2015) ("There is no indication that any defendant in this case is located outside the United States, so Rule 4(f)(3) does not apply.").

For the reasons stated above, Plaintiff's motion for order authorizing alternative service (Dkt. No. 7) is DENIED.

Dated this 29th day of April, 2026.

David G. Estudillo
United States District Judge

ORDER ON MOTION TO AUTHORIZE ALTERNATIVE SERVICE ON DEFENDANT JOHN DOE (DKT. NO. 7) - 3